IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KELVIS JERMAINE COLEMAN, # 196723, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 2:13cv692-WHA |
| | ) (WO) |
| CYNTHIA D. STEWART, *et al.*, | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* 28 U.S.C. § 2254 petition for habeas corpus relief filed by Alabama inmate Kelvis Jermaine Coleman ("Coleman") on September 24, 2013. (Doc. No. 1.) In his petition, Coleman challenges his 2010 conviction in the Covington County Circuit Court on charges of unlawful distribution of a controlled substance. In their answer (Doc. No. 12), Respondents assert that Coleman has failed to exhaust state court remedies with respect to certain claims in his petition. Thus, Respondents maintain that Coleman's habeas application should be dismissed without prejudice as a "mixed petition" because Coleman presents both exhausted and unexhausted claims. *Id*. Coleman was afforded an opportunity to show cause why his petition should not be dismissed based on his failure to exhaust (Doc. No. 13), but he has failed to avail himself of that opportunity.

**DISCUSSION**

It is a longstanding prerequisite to the filing of a federal habeas corpus petition that

the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citation omitted)); *see also Castille v. Peoples,* 489 U.S. 346, 349 (1989). "To satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal claim to the state courts." *Picard*, 404 U.S. at 277-78. To fully exhaust, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (citing 28 U.S.C. § 2254(c)).

The United States Supreme Court has dubbed habeas petitions asserting both exhausted and unexhausted claims as "mixed petitions." *Rose v. Lundy*, 455 U.S. 509 (1982). Such petitions should be dismissed without prejudice, thereby allowing petitioners to resubmit only their exhausted claims, or to pursue total exhaustion of state court remedies before bringing a federal habeas action. *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) (citing *Rose*, 455 U.S. at 519-20). Alternatively, *Rose* permits a petitioner to amend his habeas application "to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims." *Rose*, 455 U.S. at 520; *see also Burton v. Stewart*, 549 U.S. 147, 153-54 (2007) (citing *Rose* and stating that prisoner may withdraw mixed petition in order to exhaust remaining claims before returning to district court, or may withdraw unexhausted claims).

Upon review of the pleadings and other materials filed in this case, it appears that Coleman has not presented his claims of ineffective assistance of appellate counsel to the state courts. Thus, it appears that Coleman has failed to satisfy the exhaustion prerequisite as to these claims. Coleman may present these unexhausted claims to the state courts through a state petition for post-conviction relief under Rule 32, Ala.R.Crim.P. A petition for relief under Rule 32 must be filed within one year of the entry of the certificate of judgment.[1] *See* Ala.R.Crim.P. 32.2 (c).

This court does not deem it appropriate to rule on the merits of Coleman's claims for relief without first requiring that Coleman exhaust the remedies available to him in the state courts. *See* 28 U.S.C. § 2254(1)(b)(2). Consequently, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Coleman can pursue his available state court remedies as to his unexhausted claim.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 be dismissed without prejudice to afford Coleman an opportunity to exhaust all state court remedies available to him.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or

---

[1] On direct review in Coleman's case, the Alabama Supreme Court denied Coleman's petition for a writ of certiorari and issued a certificate of judgment on June 7, 2013. Resp'ts' Ex. The Alabama Court of Criminal Appeals issued its own certificate of judgment that same day. Resp'ts' Ex. N.

before February 27, 2014. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

      DONE, this 13th day of February, 2014.

/s/ Susan Russ Walker  
SUSAN RUSS WALKER  
CHIEF UNITED STATES MAGISTRATE JUDGE